FILED
RICHARD W. NAGEL
CLERK OF COURT

2020 DEC 10 AM 9:08

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANA FERNANDEZ** : | | |
| **5950 WOODSHIRE DRIVE** | | |
| **WESTERVILLE, OHIO 43081** : | | 2 20CV6306 |
| **PLAINTIFF,** : | **CASE NO.** | |
| : | **JUDGE** | Judge Sargus |
| : | **MAGISTRATE JUDGE** | |
| **V.** : | **COMPLAINT** | |
| **VERTIV** : | **JURY DEMAND ENDORSED HEREON** | |
| **610 EXECUTIVE CAMPUS DRIVE** | | |
| **WESTERVILLE, OHIO 43082** : | | |
| **DEFENDANT.** : | | |

## PARTIES

Plaintiff, Dana Fernandez complaining and seeking declaratory, injunctive and equitable relief, damages, attorney's fees and costs against Vertiv (hereinafter "Defendant"), alleges as follows:

1. Plaintiff is an individual citizen of the State of Ohio, City of Westerville, County of Franklin.

2. Defendant is an Ohio corporation with a headquarters located at 610 Executive Campus Drive, Westerville, Ohio, Franklin County.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 USC Section 1331 because the action arises under the laws of the United States, and under 29 USC 2601 *et. seq.* (Family and Medical Leave Act), upon 29 USC Section 621 *et seq.* providing for relief from discrimination in employment on the basis of age and upon 12 USC 12101, *et. seq.* providing for relief from discrimination in employment on the basis of disability.

4. Venue is lies in the Southern District of Ohio pursuant to 28 U.S.C. Section 1391 based upon the illegal acts of Defendant which occurred in the County of Franklin, State of Ohio.

5. Plaintiff has complied with the administrative prerequisites by filing a dual charge of discrimination with Ohio Civil Rights Commission and the Equal Employment Opportunity Commission ("EEOC").

6. On September 17, 2020, the EEOC mailed a Notice of Right to Sue to the Plaintiff, attached hereto as Exhibit A.

### FIRST CLAIM FOR RELIEF: VIOLATION OF FAMILY AND MEDICAL LEAVE ACT ("FMLA"), RETALIATION, 29 U.S.C. §2601 et. seq.

7. The allegations of the prior paragraphs are incorporated as if fully set forth below.

8. During the course of her employment with Defendant, Plaintiff suffered from a medical condition(s)/impairment(s).

9. Plaintiff's medical condition(s)/impairment(s) constituted a serious health condition(s).

10. Plaintiff required and requested leave from work in order to care for her serious medical condition(s). Plaintiff exercised her rights under the FMLA, 29 U.S.C. §2601 et. seq by obtaining and/or requesting leave of absence from work because of her serious medical condition(s).

11. Plaintiff's exercise of her rights under the FMLA constituted protected activity under the FMLA, 29 U.S.C. §2601 et. seq.

12. Defendant laid off the Plaintiff and engaged in other misconduct because she requested leave for her serious medical condition(s).

13. Defendant's lay off of the Plaintiff and/or other misconduct constituted adverse action taken against the Plaintiff.

14. Defendant's adverse action was taken because of Plaintiff's exercise of her rights under the FMLA, 29 U.S.C. §2601 et. seq.

15. Defendant's conduct was intentional, willful, and wanton and violated the FMLA, 29 U.S.C. §2601 et. seq.

16. Defendant acted with malice and ill will toward Plaintiff without regard for her legal rights violating the FMLA, 29 U.S.C. §2601 et. seq.

17. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of

the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self-esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

## SECOND CLAIM FOR RELIEF: AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA"), 29 U.S.C. SECTION 621 et. seq.

18. The allegations of the prior paragraphs are incorporated as if fully set forth below.

19. Defendant underwent a layoff of its workforce. Defendant laid off the Plaintiff. Defendant's layoff of the Plaintiff was done on the basis of her age.

20. Defendant has offered reasons for Plaintiff's lay off that are merely a pretext to discriminate against Plaintiff on the basis of her age in violation of 29 USC Section 621 et seq.

21. Defendant's discrimination against Plaintiff was intentional, deliberate or reckless and without regard for her legal rights.

22. Defendant's discrimination against Plaintiff was willful, malicious, spiteful and with ill will and with a reckless disregard for her legal rights.

23. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self-esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

## THIRD CLAIM FOR RELIEF: DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT ("ADA") 12 USC 12101, et. seq.

24. The allegations of the prior paragraphs are incorporated as if fully set forth below.

25. Plaintiff is a qualified disabled person within the meaning of the Americans With Disabilities Act.

26. Plaintiff is employed was qualified to perform her job duties.

27. Plaintiff is substantially limited in performing major life activities.

28. Plaintiff is disabled, and/or has a record of a disability and/or has been regarded by Defendant as being disabled.

29. Defendant denied Plaintiff terms, conditions and privileges of employment on the basis of her disability.

30. Defendant failed to reasonably accommodate Plaintiff because of her disability. At the time of the denial(s), Plaintiff was physically and mentally able to perform her duties with a reasonable accommodation.

31. Defendant's intentional, willful, and wanton denial of terms, conditions and privileges of employment and/or denial of a reasonable accommodation was discriminatory and violates the Americans With Disabilities Act.

32. Defendant acted with malice and ill will toward Plaintiff without regard for her legal rights in denying her terms, conditions and privileges of employment and/or denying him a reasonable accommodation because of her disability.

33. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self-esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

**WHEREFORE**, Plaintiff prays, as to Defendant, as follows:

(a) That this Court award such equitable relief as is proper;

(b) That this Court award back pay, front pay and benefits;

(c) That this Court award liquidated damages;

(d) That this Court award Plaintiff all consequential damages;

(e) That this Court award Plaintiff punitive damages;

(f) That this Court award Plaintiff reasonable attorney's fees and the costs of this action; and

(g) That this Court grant Plaintiff such other and further relief as may be just and equitable.

Respectfully submitted,

*/s/ Dana Fernandez*
Dana Fernandez
5950 Woodshire Drive
Westerville, Ohio 43081
(614) 296-8105
Pro Se

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ Dana Fernandez*
Dana Fernandez
Pro Se

5

EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Dana L. Fernandez
5950 Woodshire Drive
Westerville, OH 43081

From: Cincinnati Area Office
John W. Peck Fed. Bldg
550 Main Street, Suite 10-191
Cincinnati, OH 45202

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2019-00924 | Matthew G. Meisman, Investigator | (513) 914-6009 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Matthew Meisman**
*Digitally signed by Matthew Meisman*
*DN: cn=Matthew Meisman, o=EEOC, ou,*
*email=matthew.meisman@eeoc.gov, c=US*
*Date: 2020.09.17 09:35:25 -04'00'*

Enclosures(s)

**Richard Burgamy,
Deputy District Director**

*(Date Mailed)*

cc:
Barb Hapner
Director of Human Resources
VERTIV
610 Executive Campus Drive
Westerville, OH 43082

Robert C. Petrulis
Ogletree, Deakins, Nash, Smoak & Stewart PC
127 Public Square
Suite 4100
Cleveland, OH 44114